Filed 11/4/16  Certified for publication 11/29/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GENE CONDON,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DALAND NISSAN, INC., et al.,<br><br>      Defendants and Appellants. | A145613<br><br>(San Mateo County<br>Super. Ct. No. CIV 517001) |

Plaintiff Gene Condon prevailed in an arbitration against defendants Daland Nissan, Inc., Federated Mutual Insurance Company, and Wells Fargo Dealer Services. Facing a total award in excess of $100,000, defendants sought a new arbitration in accordance with the terms of the arbitration provision in the parties' contract. Because Condon objected, the arbitral forum would not proceed with a new arbitration without a court order. The trial court refused to order a new arbitration and, instead, confirmed the award. In the court's view, because the arbitral forum lacked separate "appellate" rules, it could not conduct a second arbitration. It also was of the view defendants were improperly asking for a new arbitral forum.

We reverse. The arbitral forum, ADR Services, Inc., did not refuse to conduct a second arbitration because of the lack of "appellate" rules; it declined to conduct a de novo arbitration solely because Condon objected. Defendants, in turn, specifically told the trial court they would be "perfectly happy" to return to that arbitral forum.

1

## BACKGROUND

Condon purchased a car from Daland. Believing the dealership knowingly failed to disclose prior damage to the car, Condon sued it, its insurer, and the entity that acquired the sales contract.

The sales contract required arbitration of disputes: "Any claim or dispute . . . (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us . . . shall, at your or our election, be resolved by neutral, binding arbitration." The purchaser was entitled to choose the arbitration provider, either the National Arbitration Forum, the American Arbitration Association, or any other provider subject to approval.

The arbitration provision further stated an arbitration award would be final, unless "the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party." In such case, "that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to" further consideration by the panel.

After Condon refused a request to arbitrate, defendants petitioned to compel arbitration. Condon maintained the arbitration provision was unconscionable, in part because of the possibility of a second arbitration, a provision he claimed unfairly favored the car dealer. The trial court rejected his unconscionability argument and ordered arbitration.

The parties chose ADR as their arbitral forum. The ADR arbitrator found for Condon and issued a corrected interim award that ordered him reimbursed "for all amounts paid in connection with the purchase" of the overvalued vehicle, "less an offset of $13,516, which will be deemed the proper purchase price." The award also excused Condon from making any further payments. The arbitrator then invited a motion for costs and fees. Condon duly filed a motion, which defendants did not oppose. The arbitrator's final monetary award was solely for costs and fees of $180,175.34

2

(approximately $23,000 in costs and $107,000 in incurred fees plus a 1.5 multiplier of $50,000).

Daland requested ADR to proceed with a new arbitration pursuant to the provision allowing for a second arbitration when an award exceeds $100,000. Condon objected and claimed the " 'new' arbitration" clause should be severed on the ground of unconscionability.

ADR then wrote a letter to the parties stating "[t]here is now a disagreement between the parties as to whether ADR . . . should proceed with the selection of the three-arbitrator panel in response to" the new arbitration demand. ADR concluded it lacked authority to resolve the parties' disagreement over whether a new arbitration was proper. Therefore, it would "not proceed with the selection of the three-arbitrator panel." Instead, ADR directed the parties to ask the court "for an order determining whether ADR . . . should proceed with the selection of the three-arbitrator panel" and advised it would "follow the directions" of the court. Notably, ADR did not state it was unable to provide a three-arbitrator panel for a new arbitration.

At this point, Condon returned to the trial court and petitioned to confirm the arbitration award.

Defendants objected, asked the court to vacate the award, and sought an order enforcing the clause providing for a second arbitration. Defendants' briefing further requested: "[S]ince ADR . . . has declined to do its job by honoring Defendant's [sic] lawful request for a new arbitration panel, Defendant [sic] requests that the order compelling the new arbitration before a three arbitrator panel include a specific referral to the American Arbitration Association." In supplemental briefing, defendants also argued the court had already ruled they were entitled to arbitration and, at the very least, their entitlement to a second arbitration was a question for the three-arbitrator panel upon commencement of a new arbitration.

At the hearing on the competing motions, defendants explained their request for referral to AAA instead of to ADR. It had nothing to do with the rules and procedures of ADR, but with the fact Condon had refused a three-arbitrator panel at ADR. Absent his

3

agreement to ADR, defendants wished to proceed before AAA. Defendants, themselves, had no preference and would be "perfectly happy if Your Honor wants to order the appeal to go back to ADR."

The court confirmed the arbitration award and denied defendants' request for a second arbitration. The court gave two reasons for its refusal to order a new arbitration. One, the "agreement does not provide" for when "the arbitration organization selected by the parties does not have a process by which a new arbitration may be had before a three-arbitrator panel." Second, "the agreement certainly does not provide for a party to return to Court and request a new arbitration before an entirely new arbitral forum." The superior court entered judgment for $180,175.34.

## DISCUSSION

On appeal from an order confirming an arbitration award, or from an order denying arbitration, our review is de novo unless the order hinges on a factual finding, which we review for substantial evidence. (*Bunker Hill Park LTD. v. U.S. Bank National Assn.* (2014) 231 Cal.App.4th 1315, 1324; *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.)

Condon obtained an arbitration award of over $180,000. Under the terms of the arbitration provision, if "the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel." Defendants invoked this provision and asked for a new arbitration, first from ADR directly and then, when ADR declined to proceed in the face of Condon's objection, from the court.

Although Condon advocated before ADR and the trial court that the provision for a second arbitration was unconscionable, he has not advanced this contention on appeal in support of the order affirming the award and denying a second arbitration. This is unsurprising in light of the Supreme Court's decision in *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 915–917, in which the court held a similar "new arbitration" clause in a similar auto sales contract enforceable against the purchaser.

4

Rather, Condon argues substantial evidence supports the trial court's finding that ADR lacked special rules for "appeals." Indeed, there seems to be no dispute that ADR has no "appellate" rules. Condon maintains that in the absence of "appellate" rules, no arbitration can be held as provided for by the parties' agreement, since it specifies a "party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel." Condon further notes the arbitration provision uses the term "appealing party" once in specifying that the "appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to" further consideration by the panel.

What Condon overlooks, however, is that the arbitration provision does not authorize an *appeal* as that term is used in our judicial system, involving different procedures than those used in the trial courts, and before different courts of defined, and often limited, review. Rather, the arbitration provision authorizes, at a party's request, a "*new arbitration* under the rules of the arbitration organization by a three-arbitrator panel." (Italics added.) In other words, in certain circumstances, the arbitration agreement permits a "do-over"—governed by the same rules that applied to the first arbitration. The single reference to an "appealing party"—who asks for a "*new arbitration*"—does not change the fact that what that party will receive is an arbitration repeat. The correspondence with ADR demonstrates, moreover, that it was ready and able to provide a new arbitration before a three-member panel and declined to do so only because it perceived it lacked the authority to impose the new arbitration on Condon absent a court order. In short, the fact ADR has no specialized "appellate" rules, is irrelevant to the arbitration dispute in this case.

Condon also focuses on the permissive language of the provision—that an aggrieved party "*may* request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel." (Italics added.) He reads this to mean that while a party suffering a $100,000-plus award may request a second arbitration, even if that party does so, such a request can, in either the arbitral forum's or court's discretion, be refused or denied. This is not a reasonable reading of this provision. On the contrary,

5

the provision imbues the *aggrieved party* with a choice, to accept the award or ask for a new arbitration. If the party chooses an arbitration re-do, it is, by the plain language of the arbitration agreement, entitled to that recourse.

Finally, Condon maintains defendants never asked the superior court to order a new arbitration before ADR and the arbitration provision can in no way be read to allow defendants to jump from one arbitral forum to another (i.e., from ADR to AAA). We agree the arbitration provision requires any new arbitration to be "under the rules of the arbitration organization" that the consumer chose for the first arbitration. The context of the term "arbitration organization" throughout the provision demonstrates this.

We do not agree, however, that defendants insisted on a new arbitration before AAA, rather than ADR. To begin with, defendants asked ADR to conduct a new arbitration. ADR declined to do so only because Condon refused to agree. In the trial court, defendants initially asked that arbitration be ordered before AAA, but that was because Condon appeared to be objecting to arbitration before ADR. Defendants subsequently made it clear they were "perfectly happy" to return to ADR.

We therefore conclude the trial court's orders cannot stand. The lack of "appellate rules" is no impediment to ADR providing a new arbitration. And defendants did not insist on a new arbitral forum. Condon's motion to confirm the award should have been denied, and defendants' request for an order requiring a new arbitration should have been granted, specifying arbitration before ADR.

## DISPOSITION

The judgment confirming the arbitration award and order denying a new arbitration are reversed. The superior court shall order the petition to confirm dismissed

6

as premature and order the parties to proceed with a new arbitration before a three-arbitrator panel at ADR.[1]  Costs on appeal to defendants.


_____
Banke, J.


We concur:


_____
Humes, P.J.


_____
Dondero, J.


---

[1]  Should defendants abandon a second arbitration, Condon would be entitled to seek confirmation of the first award.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GENE CONDON,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DALAND NISSAN, INC., et al.,<br><br>        Defendants and Appellants. | A145613<br><br>(San Mateo County<br>Super. Ct. No. CIV 517001)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION AND DENYING PETITION FOR REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

        The opinion in the above-entitled matter filed on November 4, 2016, was not certified for publication in the Official Reports.  After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

        Respondent's petition for rehearing is denied.


Dated: _____                    _____ P.J.


1

Trial Court:   San Mateo County Superior Court

Trial Judge:   Hon. Joseph C. Scott

Counsel:

Toschi, Sidran, Collins & Doyle, David R. Sidran and Thomas M. Crowell for Defendant and Appellant.

Law Office of Otto & Guillen, PC, Ian Otto and Michele M. Tuman for Plaintiff and Respondent.